UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROBERT WALSH,

                Petitioner,

v.

JAMES DZURENDA, et al.,

                Respondents.

Case No. 2:18-cv-01427-GMN-CWH

ORDER

This pro se habeas matter under 28 U.S.C. § 2254 is before the court on respondents' motion to dismiss several grounds in Robert Walsh's petition (ECF No. 6). Walsh opposed (ECF No. 23), and respondents replied (ECF No. 24).

**I.    Procedural History and Background**

On January 24, 2014, a jury found Walsh guilty of trafficking in a Schedule I controlled substance (methamphetamine) in excess of 28 grams (exhibit 19).[1] The state district court adjudicated him a habitual criminal and sentenced him to life in prison without the possibility of parole. Exh. 22. Judgment of conviction was entered on June 24, 2014. Exh. 23.

The Nevada Supreme Court affirmed Walsh's conviction In October 2015. Exh. 34. The Nevada Court of Appeals affirmed the denial of Walsh's state postconviction petition in July 2018. Exh. 45.

---

[1] The exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 6, and are found at ECF Nos. 7-14.

1

Walsh filed his federal habeas petition on August 1, 2018 (ECF No. 1). Respondents have moved to dismiss the petition on the basis that most claims are unexhausted or fail to state a claim for which federal habeas relief may be granted (ECF No. 6).

## II. Legal Standards & Analysis

### a. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520

(1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

**Ground 1**

Walsh argues that the trial court violated his Fourteenth Amendment due process rights when it failed to notify him that the State was seeking habitual criminal treatment (ECF No. 1, pp. 3-5). Respondents argue that this claim is unexhausted as a federal constitutional claim (ECF No. 6 pp. 7-8). However, Walsh presented this claim on direct appeal, and he cited to *LaChance v. State*, 321 P.3d 919 (Nev. 2014). Exh. 27, pp. 5-7. In *LaChance*, the Nevada Supreme Court discussed notice of intent to seek habitual criminal adjudication and federal constitutional due process and fair trial rights. *Id.* at 275-277. Thus, Walsh cited to state case law that applies federal constitutional principles, and ground 1 is exhausted. *Peterson*, 319 F.3d at 1158.

**Ground 2**

Walsh contends that the trial court erred in accepting two of the felony convictions for habitual criminal purposes because the State had not proved the convictions beyond

3

a reasonable doubt (ECF No. 1, pp. 7-8). The court agrees with respondents that Walsh did not present this claim on appeal of his conviction as a federal constitutional claim. Exh. 27, pp. 7-9. Ground 2, accordingly, is unexhausted.

**Ground 3**

Walsh asserts that the trial court improperly admitted testimony about the results of the narcotics field test without a hearing pursuant to *Frye v. U.S.* (ECF No. 1, pp. 10-17). This court has carefully reviewed Walsh's direct appeal, and he did not present this as a federal constitutional claim. Exh. 27, pp. 9-17. Ground 3 is unexhausted.

**Ground 4**

Walsh contends that the prosecutor committed misconduct when he played a portion of an audiotaped jail telephone call 5 times on a loop during closing arguments (ECF No. 1, pp. 19-27). Walsh did not present this claim to the Nevada Supreme Court. *See* exh. 27. It is, therefore, unexhausted.

**Grounds 6 through 16**

Respondents appear to seek to clarify that grounds 6 through 16 are exhausted as to claims of ineffective assistance of trial or appellate counsel (IAC) only (ECF No. 6, p. 9). The court reads grounds 6-10, 12, 15, and 16 as setting forth IAC claims only:

Ground 6: trial counsel failed to investigate and file a motion for acquittal of count 1 trafficking on the basis that the State failed to prove all essential elements of the charge, failed to object to jury instruction no. 1, and failed to call an expert (ECF No. 1, pp. 33-35);

Ground 7: trial and appellate counsel failed to argue that the State lacked jurisdiction to charge or prosecute petitioner (*id.* at 37-38);

Ground 8: trial counsel failed to file a motion to suppress evidence of the drugs found during a warrantless search (*id.* at 40);

Ground 9: trial and appellate counsel failed to challenge the sufficiency of the evidence on count 1 (*id.* at 42-44);

4

Ground 10: trial counsel failed to request several jury instructions (*id.* at 46-47);

Ground 12: trial counsel vouched for or bolstered a detective's testimony, apparently in an attempt to challenge the credibility of the State's key witness, Marcelino Veliz (*id.* at 52-53);

Ground 15: trial counsel failed to conduct pretrial investigation of an entrapment defense and appellate counsel failed to raise the issue on appeal (*id.* at 61-63);

Ground 16: trial counsel failed to: investigate Walsh's previous judgments of conviction, object to the State's introduction of those prior judgments of conviction, object to the lack of notice of seeking habitual criminal status, and compare the frequency of habitual criminal adjudication with other jurisdictions and with other similarly situated offenders in Fifth Judicial District (*id.* at 64-65).

These claims—as set forth here--are all exhausted.[2]

Next, in grounds 11, 13 and 14 it is not entirely clear whether Walsh intends to raise only IAC claims. The court reads these grounds as follows.

**Ground 11**

Walsh argues that prosecutorial misconduct and a violation of *Brady v. Maryland*, 373 U.S. 83 (1963) occurred when the State failed to produce and deliver past and current criminal history and felony convictions for State's witness Veliz (*id.* at 49-50). He also argues that trial counsel was ineffective for failing to investigate Veliz.

**Ground 13**

Walsh alleges "judicial misconduct" in that the state district court erred in its handling of questions by the jurors (*id.* at 55-56). He also alleges trial counsel IAC for failing to request certain jury instructions and appellate IAC for failing to present the issue on direct appeal.

---

[2] The court notes that on the form petition, in response to the question: "Did you raise the issue on direct appeal from the conviction to the Nevada Supreme Court?" for grounds 6-16 Walsh indicated that he had not "because it is an IAC claim which must be brought in habeas corpus" (*see* ECF No. 1). The only exception is ground 13.

**Ground 14**

Walsh argues that the State's use of the looped portion of the jail telephone recording at trial constituted prosecutorial misconduct (*id*. at 58-59). He also alleges IAC of trial and appellate counsel for failure to challenge the use of the recording.

Respondents are correct that, to the extent that Walsh intends to argue the underlying substantive claims in grounds 11, 13, and 14, those substantive claims are unexhausted. Grounds 11, 13, and 14 are exhausted as to the IAC claims only.

### b. Claims Cognizable in Federal Habeas Corpus (state law claims)

Finally, in ground 5, Walsh argues that the Nevada Supreme Court erred in applying Rule 40(a) of the Nevada Rules of Appellate Procedure when it denied his motion for rehearing (*id*. at 29-32). Respondents argue that ground 5 is a state-law claim only (ECF No. 6, p. 9). A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004). In his opposition to the motion to dismiss, Walsh concedes that this is a state-law question. As ground 5 is purely a state-law issue it is dismissed.

### c. Exhaustion, Anticipatory Default/Technical Exhaustion and Procedural Default

In his opposition to the motion to dismiss, Walsh invokes *Martinez v. Ryan*, 566 U.S. 1 (2012), and appears to argue that if grounds 3 and 4 are unexhausted this court should deem the claim technically exhausted but procedurally defaulted (ECF No. 23). "Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

Walsh argues that if he returned to the state courts with these claims, they would be defaulted as untimely and successive. *See* 28 U.S.C. §2254(b)(1)(B). He argues that under *Martinez* he can demonstrate good cause and prejudice to excuse the procedural default of these grounds. In *Martinez*, the United States Supreme Court established a narrow exception to the procedural default rule. 566 U.S. 1, 9 (2012). The Court held that lack of state postconviction counsel or ineffective assistance of state postconviction counsel may establish cause to excuse procedural default of a claim of ineffective assistance of trial counsel. However, grounds 3 and 4 are substantive claims, they are not IAC claims. Thus, *Martinez* does not apply.

III. **Petitioner's Options Regarding Unexhausted Claims**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition.[3] *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id*. In the instant case, the court finds that grounds 2, 3, 4 and any non-ineffective assistance of counsel claims in grounds 11, 13 and 14 are unexhausted, and ground 5 is dismissed as noncognizable

---

[3] Based on Walsh's opposition to the motion to dismiss, it does not appear that he wishes to return to state court on any unexhausted claims. However, Walsh must file a declaration, as described in this order, to notify the court and respondents as to how he wishes to proceed.

on federal habeas review. Because the court finds that the petition contains unexhausted claims, petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

If petitioner wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court and presents argument regarding the question of whether or not his unexhausted claims are plainly meritless. Respondents would then be granted an opportunity to respond, and petitioner to reply. Or petitioner may file a declaration voluntarily abandoning his unexhausted claims, as described above.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being

dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**IV.     Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 6) is **GRANTED** in part as follows:

Grounds 2, 3, 4 and any non-ineffective assistance of counsel claims in grounds 11, 13 and 14 are **UNEXHAUSTED**.

Ground 5 is **DISMISSED**.

**IT IS FURTHER ORDERED** that petitioner shall have **30 days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **30 days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **30 days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED: 12 June 2019.

_____
GLORIA M. NAVARRO, CHIEF JUDGE
UNITED STATES DISTRICT COURT