# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT WALSH, | Case No. 2:18-cv-01427-GMN-CWH |
| Petitioner, | ORDER |
| v. | |
| JAMES DZURENDA, et al., | |
| Respondents. | |

Robert Walsh's 28 U.S.C. § 2254 habeas corpus petition is before the court on his unopposed motion for a stay in accordance with *Rhines v. Weber* (ECF No. 50). The motion is granted.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.  The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.  The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*.  *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005).  The Court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics.  *Rhines*, 544 U.S. at 277; *see also Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008).

Here, Walsh concedes that ground 3 is unexhausted and explains that his appeal of the denial of his state postconviction petition is pending before the Nevada Court of Appeals (ECF No. 50).  He states that he has good cause for failing to exhaust ground 3 earlier because the claim is based on a July 2020 Nevada Supreme Court decision and was not previously available. Respondents do not oppose a stay (*see* ECF No. 53). Accordingly, petitioner's motion for stay is granted. Respondents' motion to dismiss is denied without prejudice at this time.

**IT IS THEREFORE ORDERED** that petitioner's motion for issuance of stay and abeyance (ECF No. 50) of this federal habeas corpus proceeding is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** pending final resolution of petitioner's postconviction habeas petition.

**IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner returning to federal court with a motion to reopen the case within 45 days of the issuance of the remittitur by the Nevada Court of Appeals at the conclusion of the state court proceedings on the postconviction habeas petition.

**IT IS FURTHER ORDERED** that respondents' motion to extend time to file a responsive pleading (ECF No. 42) is **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 46) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk **SHALL ADMINISTRATIVELY CLOSE** this action, until such time as the court grants a motion to reopen the matter.

DATED: 26 April 2021.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE