# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT WALSH, | Case No. 2:18-cv-01427-GMN-CWH |
| Petitioner, | ORDER |
| v. | |
| JAMES DZURENDA, et al., | |
| Respondents. | |

Robert Walsh's 28 U.S.C. § 2254 habeas corpus petition is before the court on his motion for a limited reopening of the case, motion for leave to file an amended petition, and motion to stay in accordance with *Rhines v. Weber* (ECF No. 50). Respondents indicate that they do not oppose any of the three motions.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims.  The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.  Cf.  28 U.S.C.  § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

1

*Rhines*, 544 U.S. at 277.  The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278.  The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005).  The Court may stay a petition containing unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics.  *Rhines*, 544 U.S. at 277; *see also Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008).

Here, Walsh explains that in January 2021 he learned of a confidential informant agreement that prosecutors suppressed in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  He asserts that respondents will not be prejudiced because they should have disclosed this evidence years ago, and they still have ample opportunity to respond to the claim in both state and federal courts. Respondents do not oppose leave to file a third-amended petition or a stay (*see* ECF Nos. 61, 62, 63).  Accordingly, petitioner's motions are granted.

**IT IS THEREFORE ORDERED** that petitioner's motion to reopen the case (ECF No. 58) is **GRANTED**, the stay is lifted, and the Clerk is directed to REOPEN THIS CASE for the limited purpose of filing the third-amended petition.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file a third-amended petition (ECF No. 59) is **GRANTED**. The Clerk is directed to detach and FILE the third-amended petition at ECF No. 59-1.

**IT IS FURTHER ORDERED** that petitioner's motion for issuance of stay and abeyance (ECF No. 60) of this federal habeas corpus proceeding is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** pending final resolution of petitioner's state postconviction litigation.

**IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner returning to federal court with a motion to reopen the case within 45 days of the issuance of the remittitur by the Nevada appellate court at the conclusion of his state court proceedings.

**IT IS FURTHER ORDERED** that the Clerk **ADMINISTRATIVELY CLOSE** this action, until such time as the court grants a motion to reopen the matter.

DATED: 24 August 2021.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE