**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ROBERT WALSH,

                      Petitioner,

v.

NETHANJAH BREITENBACH,[1]

                      Respondent.

Case No. 2:18-cv-01427-GMN-DJA

**ORDER GRANTING, IN PART, MOTION TO DISMISS AND GRANTING MOTION TO SEAL**

**[ECF Nos. 79, 82]**

Petitioner Robert Walsh, a Nevada prisoner, has filed a counseled Third-Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 65 ("Third-Amended Petition").) Respondents filed a Motion to Dismiss the Third-Amended Petition, Walsh opposed the Motion, and Respondents replied. (ECF Nos. 82, 83, 84.)  For the reasons discussed below, the Court grants the Motion, in part.

**I.      PROCEDURAL HISTORY**

A jury found Walsh guilty of Trafficking in a Schedule I Controlled Substance in Excess of 28 Grams (Methamphetamine). (ECF No. 72-49.)  Walsh was sentenced as a habitual criminal to life without the possibility of parole. (*Id*.)  Walsh appealed, and the Nevada Supreme Court affirmed on October 16, 2015. (ECF No. 73-28.)  Remittitur issued on March 16, 2016, after Walsh unsuccessful sought rehearing and *en banc* consideration. (ECF No. 73-38.)

---

[1] The state corrections department's inmate locator page shows that Walsh is incarcerated at Lovelock Correctional Center.  Nethanjah Breitenbach is the current warden for that facility. Accordingly, at the end of this Order, the Court kindly requests the Clerk of Court to substitute Nethanjah Breitenbach for Respondent James Dzurenda. *See* Fed. R. Civ. P. 25(d).

Walsh filed a Motion to Vacate the Illegal Judgment of Conviction on June 9, 2016; a Motion to Modify and/or Correct Illegal Sentence on December 19, 2016; a Petition for Writ of Habeas Corpus on February 14, 2017; and a Motion for New Trial and Judgment of Acquittal on April 21, 2017. (ECF Nos. 73-39, 73-43, 73-46, 74-1.)  The State Court denied the Motions and the Petition. (ECF Nos. 73-50, 74-6, 74-7.)  Walsh appealed the denial of his Motion to Modify and/or Correct Illegal Sentence, and the Nevada Court of Appeals affirmed on June 13, 2018. (ECF No. 74-41.)  Walsh appealed the denial of his Motion for New Trial and Judgment of Acquittal, and the Nevada Court of Appeals affirmed on June 13, 2018. (ECF No. 74-42.)  Walsh appealed the denial of his Petition, and the Nevada Court of Appeals affirmed on July 17, 2018. (ECF No. 74-45.)  The final Remittitur issued on May 6, 2019. (ECF No. 75-14.)

Walsh filed a Motion for Modification of his Sentence on January 23, 2019. (ECF No. 75-9.)  The State Court denied the Motion on February 13, 2019. (ECF No. 75-10.)  Walsh appealed, and the Nevada Court of Appeals affirmed on January 30, 2020. (ECF No. 76-12.)  Remittitur issued on February 24, 2020. (ECF No. 76-17.)

Walsh commenced this action on August 1, 2018, and moved for the appointment of counsel on February 20, 2020. (ECF Nos. 1, 30.)  The Court granted Walsh's Motion. (ECF No. 32.)  Walsh filed a counseled Amended Petition and a counseled Second-Amended Petition. (ECF Nos. 35, 40.)  Walsh then moved for a stay. (ECF No. 50.)  The Court granted Walsh's Motion, staying this case on April 27, 2021. (ECF No. 57.)

Walsh filed a Petition for Writ of Habeas Corpus in State Court on August 11, 2021. (ECF No. 77-14.)  The State Court denied the Petition on August 8, 2024. (ECF No. 77-45.)  Walsh appealed, and the Nevada Supreme Court affirmed on September 12, 2025. (ECF No. 78-15.)  Remittitur issued on October 3, 2025. (ECF No. 78-16.)

2

This case was reopened on October 24, 2025. (ECF No. 67.) In Walsh's Third-Amended Petition, Walsh alleges the following grounds for relief:

1. The State suppressed materially favorable evidence.
2. The State Court failed to notify him of its intent to treat him as a habitual offender.
3. The State Court failed to allow him to represent himself at sentencing.
4. The State Court convicted him without proof of all the elements of his crime.
5a. His trial counsel failed to challenge methamphetamine being a Schedule II drug, not a Schedule I drug.
5b. His trial counsel wrongly asserted the prosecution needed to prove his reluctance.
5c. His trial counsel failed to investigate his entrapment defense.
5d. His trial counsel failed to challenge the sufficiency of the evidence for trafficking.
5e. His trial counsel failed to assert that he was merely a procuring agent.
5f. His trial counsel failed to investigate the State's confidential informant.
5g. His trial counsel failed to request additional jury instructions clarifying the definition of trafficking.
5h. His trial counsel failed to object to the State's presentation of his jailhouse phone call.
5i. His trial counsel failed to object to his punishment as unconstitutional.
6. His appellate counsel failed to challenge the sufficiency of the evidence on direct appeal.

(ECF Nos. 65.)

## II.    DISCUSSION

Respondents argue that (1) grounds 1, 3, 5b, 5f, and 5i are untimely; and (2) grounds 3, 5b, and 5i are unexhausted. (ECF No. 82.) The Court addresses these arguments in turn.

### A.    Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a 1-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The 1-year limitation period begins to run from the latest of 4 possible triggering dates, with the most common being the date on which the petitioner's Judgment of Conviction became final by either

the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

In ground 1, Walsh alleges that the State suppressed materially favorable evidence. (ECF No. 65 at 7.) Walsh argues that this ground is timely because it relies upon newly discovered evidence. (ECF No. 83 at 2–4.) Where a claim in a habeas petition alleges newly discovered evidence, the one-year statute of limitations under AEDPA begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Here, Walsh explains that on January 21, 2021, his counsel obtained a copy of the Nye County Sheriff's Office Cooperating Individual Agreement between George Veliz and Detective Trevor Meade. (ECF No. 83 at 2–3.) Walsh explains that the State had not previously disclosed this confidential informant agreement. (*Id.*) Because the factual basis of ground 1—the Confidential Informant Agreement—was discovered on January 21, 2021, and was included in Walsh's Third-Amended Petition, which was filed less than a year later on August 24, 2021, the Court finds that ground 1 is timely under 28 U.S.C. § 2244(d)(1)(D).

Turning to grounds 3, 5b, 5f, and 5i, Walsh argues that these grounds are timely because his Second-Amended Petition, which included these grounds, was timely. (ECF No. 83 at 4.) Walsh's direct appellate review concluded on February 19, 2016, with the Nevada Supreme

4

Court's denial of Walsh's petition for *en banc* consideration. (ECF No. 73-37.)  As such, Walsh's conviction became final when the time expired for filing a Petition for Writ of Certiorari with the United States Supreme Court 90 days later on May 19, 2016.  The federal statute of limitations began to run the following day: May 20, 2016.  Walsh filed his Motion to Vacate the Illegal Judgment of Conviction on June 9, 2016, tolling his AEDPA clock.  As a result, 20 days elapsed between the finality of the Judgment and the filing of Walsh's Motion, leaving 345 days on Walsh's one-year clock.  Tolling ended on February 24, 2020, when the Remittitur issued for the Nevada Court of Appeals' affirmation of the denial of Walsh's Motion for Modification of his Sentence.  Importantly, from June 9, 2016, until February 24, 2020, Walsh was litigating numerous overlapping Motions and Petitions, allowing for uninterrupted tolling.  Walsh's AEDPA clock restarted on February 25, 2020, and expired 345 days later on February 4, 2021.

Walsh's Second-Amended Petition was filed on October 13, 2020 (ECF No. 40), making his Second-Amended Petition timely.  Grounds 3, 5b, 5f, and 5i of Walsh's Third-Amended Petition are identical to grounds 2, 4b, 4f, and 4i, respectively, of Walsh's Second-Amended Petition.  Thus, because grounds 3, 5b, 5f, and 5i of Walsh's Third-Amended Petition relate back to a timely-filed petition, they are timely.[2]

**B.      Exhaustion**

A state prisoner must exhaust state court remedies on habeas claims before presenting those claims to the federal courts. 28 U.S.C. § 2254(b)(1)(A).  This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and

---

[2] A claim in an amended petition that is filed after the expiration of the AEDPA one-year limitations period will be timely only if the new claim relates back to a claim in a timely-filed pleading on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005).

correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014).

In grounds 3, 5b, and 5i, Walsh alleges, respectively, that the State Court failed to allow him to represent himself at sentencing, his trial counsel wrongly asserted the prosecution needed to prove his reluctance, and his trial counsel failed to object to his punishment as unconstitutional. (ECF No. 65.) Walsh raised these same grounds in his 2021 State Habeas Petition. (ECF No. 77-14 at 16, 18, 26.) Walsh then raised these grounds in his appeal of the denial of his 2021 State Habeas Petition. (ECF No. 77-50 at 45–50, 55–57.) Therefore, the Court finds that these grounds are exhausted. Nonetheless, because Walsh's 2021 State Habeas Petition was found to be procedurally barred, the Court turns to the procedural defaults of these grounds.

### C. Procedural Default

Where the state court denies a prisoner's habeas claim on an independent and adequate state law grounds, that claim is "procedurally defaulted" for purposes of federal habeas review. *Edwards v. Carpenter*, 529 U.S. 446, 454–55 (2000) (explaining that the bar applies if the prisoner fails to meet a "state procedural requirement"). When a prisoner "procedurally defaults" a federal claim, judicial review is barred unless he can show either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (explaining that the miscarriage of justice exception ensures "that federal constitutional errors do not result in the incarceration of innocent persons"). To demonstrate cause, a petitioner must show that some external and objective factor impeded his efforts to comply with the state's procedural rule. *Maples v. Thomas*, 565 U.S. 266, 280–81 (2012).

To show prejudice, a petitioner must show not merely that the error created a possibility of prejudice, but that the error worked to his actual and substantial disadvantage, infecting the entire proceeding with constitutional error. *Murray v. Carrier*, 477 U.S. 478, 494 (1986).

Walsh argues that he can overcome the procedural defaults of grounds 3, 5b, and 5i under *Martinez v. Ryan*. (ECF No. 83 at 14.)  In *Martinez v. Ryan*, the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. 566 U.S. 1, 9 (2012).  Ground 5b and 5i are claims of ineffective assistance of trial counsel.  As such, the Court finds that Walsh has arguably met three of the four elements of *Martinez* for grounds 5b and 5i: (1) he had no counsel during his initial state post-conviction habeas corpus proceedings, (2) his state post-conviction petition was the initial proceeding regarding claims of ineffective assistance of trial counsel, and (3) Nevada law requires that a claim of ineffective of assistance of trial counsel be raised in a post-conviction habeas corpus proceeding. However, because the analysis of prejudice under *Martinez* for grounds 5b and 5i is necessarily intertwined with the merits of these claims, the Court defers consideration of the fourth element of *Martinez*: whether the claims of ineffective assistance of trial counsel are substantial.

However, turning to ground 3, the Court finds that *Martinez* does not apply.  *Martinez* cannot excuse the procedural default of a substantive claim of trial-court error, and ground 3 is exactly that: an allegation that the State Court erred.  Walsh also asserts that his appellate counsel's failure to raise this claim amounts to cause to excuse the procedural default. (ECF No. 83 at 16–17.)  The ineffective assistance of appellate counsel in failing to raise a claim on direct appeal in the state criminal proceedings may potentially establish cause. *Cockett v. Ray*, 333 F.3d 938, 943–44 (9th Cir. 2003).  "But to assert such an excuse in a federal habeas petition, a state prisoner must

first exhaust in state court the claim that his appellate counsel was constitutionally inadequate." *Arrendondo v. Neven*, 763 F.3d 1122, 1140 (9th Cir. 2014).  Walsh has exhausted no such claim.  Ground 3 is dismissed as procedurally defaulted.

## III.   MOTION TO SEAL

Respondents have also filed a Motion to Seal. (ECF No. 79.)  In that Motion, Respondents request that the Court seal Exhibit 45, Walsh's Presentence Investigation Report, dated April 11, 2014. (ECF No. 80-1.)  Having reviewed and considered the matter in accordance with *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the Court finds that a compelling need to protect Walsh's safety, privacy, and/or personal identifying information outweighs the public interest in open access to court records.  The Court grants the Motion.

## IV.   CONCLUSION

It is therefore Ordered that the Motion to Dismiss **[ECF No. 82] is GRANTED, in part**, as follows: (1) grounds 5b and 5i are procedurally defaulted and consideration of prejudice under *Martinez* to overcome these procedural defaults is deferred until after the filing of an answer and reply in this matter, and (2) ground 3 is dismissed as procedurally defaulted.

It is further Ordered that the Motion to Seal **[ECF No. 79] is GRANTED**.  Exhibit 45 [ECF No. 80-1] is considered properly filed under seal.

It is further Ordered that Respondents have until June 19, 2026, to file an answer to the remaining claims in the Third-Amended Petition.  Walsh will then have 30 days to file his reply.

It is further kindly Ordered that the Clerk of Court substitute Nethanjah Breitenbach for Respondent James Dzurenda.

Dated:   April 15, 2026

Gloria M. Navarro, Judge
United States District Court

8